# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LEIGH KING NORTON & UNDERWOOD, LLC,** *on behalf of itself and all others similarly situated in the United States of America*, ] ] ] ] ] ] **Plaintiff,** ] ] v. ] ] **REGIONS FINANCIAL CORPORATION, et al.,** ] ] ] **Defendants.** ] | 2:20-cv-00591-ACA |

## ORDER TO SHOW CAUSE

Plaintiff Leigh King Norton & Underwood, LLC ("LKNU") filed this lawsuit against Defendant Regions Bank ("Regions"), asserting federal and state law claims on a class-wide basis.[1]  (Doc. 13).  LKNU asserts that this court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), or alternatively based on federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367(a).  (Doc. 13 at 2–3).

The court finds that it has federal question jurisdiction over LKNU's claim that Regions violated the Small Business Act.  (Doc. 13 at 19).  Likewise, the court

---

[1] The initial complaint also named Defendant Regions Financial Corporation (doc. 1 at 2), but the amended complaint dropped it as a party (*see* doc. 13 at 2).

has supplemental jurisdiction over the state law claims.  *See* 28 U.S.C. § 1367(a). However, the court is unable to determine, based on the allegations in the amended complaint, whether it has CAFA jurisdiction.

CAFA provides for subject matter jurisdiction over class actions in which there are 100 or more members in the proposed class, 28 U.S.C. § 1332(d)(5)(B), the amount in controversy exceeds $5,000,000, and the parties are minimally diverse, *id.* § 1332(d)(2).  For purposes of this case, minimal diversity means that "any member of a class of plaintiffs is a citizen of a State different from any defendant."  *Id.* § 1332(d)(2)(A).  Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  *Id.* § 1332(d)(10); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1200 n.40 (11th Cir. 2007).

In the amended complaint, LKNU alleges that "there are 100 or more Class Members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs."  (Doc. 13 at 2 ¶ 8).  The court finds those allegations sufficient to establish the size and amount in controversy requirements.  However, LKNU does not allege that the parties are minimally diverse.  (*See id.* at 2–3 ¶¶ 8–13).

The amended complaint states that LKNU is an "Alabama limited liability company with its principal place of business" in Alabama.  (Doc. 13 at 2 ¶ 6).  For CAFA purposes, an unincorporated association is "a citizen of the State where it has

2

its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Thus, for CAFA purposes, the amended complaint adequately alleges LKNU's citizenship. But the same is not true of Regions.

The amended complaint's allegations about Regions' citizenship are that it is a subsidiary of Regions Financial Corporation and that it is "headquartered . . . in Birmingham, Alabama." (Doc. 13 at 2 ¶ 7). This information does not inform the court about either Regions' principal place of business or the State under whose laws Regions is organized. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that a "principal place of business" "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion")). LKNU must allege both the principal place of business and the State under whose laws Regions is organized for the court to identify Regions' citizenship.

Moreover, LKNU seek to certify both a "Nationwide Class" and an "Alabama Class." (Doc. 13 at 12 ¶ 47). However, the only member of either class that LKNU identifies is itself—a citizen of Alabama. Because the court does not know Regions' citizenship, the court cannot tell whether LKNU's citizenship is different from Regions. And if, as LKNU seems to imply, Regions is a citizen of Alabama,

LKNU's citizenship would not suffice to establish minimal diversity. LKNU must allege the citizenship of at least one class member that is "a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

A party pleading federal jurisdiction "must affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Because this court cannot determine, based on the allegations in the amended complaint, that there is minimal diversity in this case, the court **ORDERS** LKNU to **SHOW CAUSE**, in writing, **on or before September 28, 2020**, why the court has CAFA jurisdiction.

**DONE** and **ORDERED** this September 21, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE